IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN B. HOPKINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO.:  1:14-CV-02625-MHC-JCF |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | |

### **NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant's Partial Motion To Dismiss Plaintiff's Amended Complaint.  (Doc. 14).  For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **GRANTED in part and DENIED in part**.

### **Factual and Procedural Background**[1]

---

[1] These facts are taken from Plaintiff's Amended Complaint (Doc. 12), documents attached to the Amended Complaint (*see* Doc. 12 at 19-27; Doc. 12-1 at 1-17), and documents attached as exhibits to Defendant's motion that Plaintiff has not challenged, i.e., a Security Deed evidencing Plaintiff's mortgage loan, an Assignment of the Security Deed to Defendant, and a June 6, 2014 letter from Plaintiff to Defendant (*see* Docs. 14-2, 14-3, and 14-4).  In ruling on a motion to dismiss, the court may consider documents attached to the motion if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to

1

On October 8, 2007, Calvin B. Hopkins ("Plaintiff") and Carol J. Hopkins obtained a mortgage loan from Southeast Mortgage of Georgia, Inc., and executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") to secure the loan. (*See* Doc. 12 at ¶¶ 7-8; *see also* Doc. 12 at 19-27; Doc. 12-1 at 1-10). At some point thereafter Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") became the servicer of the loan, and on December 16, 2013, MERS assigned the Security Deed to Wells Fargo. (Doc. 12 at ¶¶ 9-10; *see also* Doc. 14-3). Plaintiff alleges that Wells Fargo "has misapplied credits to Plaintiff's loan account which does not reflect Plaintiff's true account balance," and that Defendant "charged unauthorized fees to Plaintiff's monthly payments that were not owed and refused to properly credit those fees." (Doc. 12 at ¶ 11). On June 6, 2014 Plaintiff sent Wells Fargo a letter purporting to be a qualified written request ("QWR") for information about the loan, but Plaintiff alleges that Defendant did not respond to that letter or provide the information requested in that letter. (*Id.* at ¶¶ 46, 50; *see also* Doc. 14-4).

On August 14, 2014, Plaintiff, proceeding *pro se*, filed a Complaint against Wells Fargo. (Doc. 1). Defendant moved to dismiss Plaintiff's Complaint (Doc.

---

dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged"). As discussed below, the undersigned has not relied on documents attached to Defendant's motion that Plaintiff has objected to as unauthenticated.

5), but the Court granted Plaintiff's motion to file an amended complaint (Doc. 10) and denied Defendant's motion to dismiss as moot in light of the filing of the Amended Complaint. (*See* Doc. 11). Plaintiff then filed an Amended Complaint, in which he asserts the following claims against Wells Fargo: (1) declaratory relief (Count One); (2) breach of contract (Count Two); (3) violation of the Truth in Lending Act ("TILA") (Count Three); and violation of the Real Estate Settlement Procedures Act ("RESPA") (Count Four). Defendant then filed a motion to dismiss Counts One, Three, and Four of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. 14). Defendant did not move to dismiss Plaintiff's breach of contract claim. (*See id.*). Plaintiff filed a response to the motion (Doc. 15), but Defendant did not file a reply. Briefing is therefore complete, and the undersigned now considers the merits of Defendant's motion.

## Discussion

### I. Applicable Pleading Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's

4

complaint should be dismissed" (internal quotation omitted)).

"Additionally, because Plaintiff[ is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at *3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

## II.     Plaintiff's Claims

### A.     Declaratory Relief Claim (Count One)

Defendant moves to dismiss Plaintiff's claim for declaratory relief on the ground that it is duplicative of his Count Two breach of contract claim. (*See* Doc. 14-1 at 4-5). The undersigned agrees.

The Declaratory Judgment Act, 28 U.S.C. § 2201 states in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "[A q]uestion[] regarding whether a contract was adequately

performed is unrelated to the purpose behind the Declaratory Judgment Act.

> A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms is nothing more than a petition claiming breach of contract. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the . . . request for declaratory judgment moot or redundant.

*Eisenberg v. Std. Ins. Co.*, No. 09-80199-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 99663, at *6-7 (S.D. Fla. Oct. 26, 2009) (quoting *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, No. 4:06-CV-1309 (CEJ), 2007 U.S. Dist. LEXIS 70815, at *4-5 (E.D. Mo. 2007)). "[I]f the essences of both counts are the same, and the same allegations are made in each count, then the allegation is duplicitous and should be dismissed." *Estrada v. Am. Sec. Ins. Co.*, No. 8:14-cv-01588-EAK-EAJ, 2015 U.S. Dist. LEXIS 36873, at *6 (M.D. Fla. Mar. 25, 2015); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 11-21163-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 57041, at *5 (S.D. Fla. Apr. 24, 2012) ("A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim.").

In this case, Plaintiff alleges in support of his breach of contract claim that Wells Fargo breached the terms of the Security Deed, specifically paragraphs 1 and 2 under "Uniform Covenants," by failing to properly apply his loan payments and

by charging him late fees that he did not owe.  (*See* Doc. 12 at ¶¶ 26-31).  In his declaratory relief claim, Plaintiff alleges that "[i]n view of the fact that Wells Fargo did not comply with the conditions of the Security Deed under paragraphs 1 and 2 resulting in an inaccurate loan account balance, the Plaintiff is in doubt and uncertain as to his rights and relations under the alleged mortgage loan contract." (*Id.* at ¶ 22).  He:

> seek[s] an affirmative declaration (i) that Wells Fargo . . . did not properly apply credits to Plaintiff's mortgage account in accordance with the provisions of h[is] contract (ii) that, consequently, Wells Fargo did not comply with the Security Deed under paragraph 1 and paragraph 2 and its clear and unambiguous language contained in the parties' contract; (iii) that Wells Fargo's compliance with the Security Deed under paragraphs 1 and paragraph 2 were conditions precedent to Wells Fargo's and Plaintiff's mortgage loan contract; and (iv) that Wells Fargo breached this obligation by failing to properly apply credit to Plaintiff's loan account and by charging Plaintiff unauthorized fees.

(*Id.* at ¶ 24).  Thus, Plaintiff's declaratory relief claim "stems from the same set of facts as the breach of contract claim," and the essence of both claims is the same, i.e., that Wells Fargo breached the Security Deed by failing to properly apply his loan payments and by charging Plaintiff unauthorized fees.  (*Compare* Doc. 12 at ¶¶ 22, 24 *with* ¶¶ 26-30).  The undersigned therefore finds that Plaintiff's claim for declaratory relief is duplicative of his breach of contract claim, and **RECOMMENDS** that Defendant's motion to dismiss that claim be **GRANTED.**

7

*See, e.g.*, *Estrada*, 2015 U.S. Dist. LEXIS 36873, at *6-7 (dismissing the plaintiff's declaratory judgment claim as duplicative of his breach of contract claim).

### B. TILA Claim (Count Three)

Plaintiff alleges that on June 6, 2014, he sent Wells Fargo a "Qualified Written Request (QWR)" in which he requested, among other information, "information as to who is the true owner of his mortgage loan and to be provided the name, address and phone number of the owner or Master servicer of his loan." (Doc. 12 at ¶ 34). Plaintiff also attached a copy of the purported QWR to his Amended Complaint. (*See* Doc. 12-1 at 12-15; *see also* Doc. 14-4 at 1-4). Plaintiff further alleges that Wells Fargo did not respond to his QWR in violation of 15 U.S.C. § 1641(f)(2). (*See* Doc. 12 at ¶¶ 37-40).[2]

Defendant moves to dismiss Plaintiff's TILA claim because "a QWR is a mechanism promulgated by [RESPA]," and therefore "it cannot provide the basis for a TILA violation." (Doc. 14-1 at 5). "Thus," Defendant contends, "Plaintiff has failed to allege[] any conduct by Wells Fargo that would fail [sic] under the preview [sic] of TILA and his TILA claim must be dismissed as a matter of law." (*Id.*). The undersigned disagrees.

---

[2] Although Plaintiff refers to § 1642 in paragraphs 39 and 40, that section governs issuance of credit cards. *See* 15 U.S.C. § 1642. It is clear that Plaintiff intended to cite to § 1641 (*see* Doc. 12 at ¶ 37), which governs the disclosures at issue in his TILA claim. *See* 15 U.S.C. § 1641(f).

8

15 U.S.C. § 1641(f)(2) provides in relevant part that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."  Section 1641(f)(2) " 'does not set any particular deadline' for taking any action or giving any notice."  *Seeney v. Nationstar Mortg., LLC*, No. 1:13-cv-347-TWT-ECS, 2013 U.S. Dist. LEXIS 174113, at *15 (N.D. Ga. Nov. 21, 2013) (quoting *Fazio v. Experian Info. Solutions, Inc.*, No. C 12-00497 CRB, 2012 U.S. Dist. LEXIS 80663, at *5-6 n.3 (N.D. Cal. June 11, 2012)), *adopted by* 2013 U.S. Dist. LEXIS 173679 (N.D. Ga. Dec. 10, 2013).  "[A] violation of § 1641(f)(2) occurs, as some courts have sensibly concluded, either (i) after a 'reasonable time' has passed since the obligor sent a request without the servicer having sent any response, or (ii) when the servicer sends an inadequate response to that request."  *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 352 (E.D. Va. 2011).

Plaintiff has alleged that he sent a written request, referred to by Plaintiff as a QWR, to Wells Fargo in which he asked Defendant to identify "information as to who is the true owner of his mortgage loan and to be provided the name, address and phone number of the owner or Master servicer of his loan," but Defendant did not respond to that request and did not provide the requested information.  (*See*

9

Doc. 12 at ¶¶ 34-35, 39-40). Defendant has not shown why, in light of those allegations, Plaintiff has failed to state a claim under TILA for Defendant's alleged violation of 15 U.S.C. § 1641(f)(2).[3] The fact that he referred to his written request as a "QWR," a term that applies to written requests pursuant to RESPA as discussed below, is not fatal to his TILA claim where his letter clearly requested information described in § 1641(f)(2). Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's TILA claim (Count Three) be **DENIED**.[4]

### C.     RESPA Claim (Count Four)

Plaintiff also alleges that Wells Fargo violated RESPA, specifically 15 U.S.C. § 2605(e), by failing to respond to his June 2014 QWR. (Doc. 12 at ¶¶ 46, 50; *see also* Doc. 12-1 at 17; Doc. 14-4). Defendant argues that Plaintiff fails to state a claim under RESPA because the correspondence cited by Plaintiff does not constitute a valid QWR under RESPA, and even if it did, Defendant responded in good faith to the QWR as evidenced by correspondence it attached to its motion. (*See* Doc. 14-1 at 6; *see also* Docs. 14-5, 14-6).

---

[3] As discussed below, Defendant asserts in its motion that it responded to Plaintiff's QWR and attached copies of letters it sent to Plaintiff to support that assertion. (*See* Doc. 14-1 at 6; Docs. 14-5, 14-6). Plaintiff challenges the authenticity of those documents however (*see* Doc. 15 at 9-11), and therefore, the undersigned has not considered them in connection with Defendant's motion.

[4] It is possible that dismissal of Plaintiff's TILA claim could be warranted on grounds Defendant did not advance, but the undersigned has limited consideration of Defendant's motion to the arguments it actually made.

"Under RESPA, loan servicers 'ha[ve] a duty to respond to a borrower's inquiry or qualified written request.' " *Malally v. BAC Home Loan Serv., LLC*, No. 3:10–CV–0074–JTC–JFK, 2010 U.S. Dist. LEXIS 136555, at *25 (N.D. Ga. Oct. 8, 2010) (citing 12 U.S.C. § 2605(e)), *adopted by* 2010 U.S. Dist. LEXIS 131485 (N.D. Ga. Dec. 13, 2010).  To state a RESPA claim for violation of section 12 U.S.C. § 2605(e), a plaintiff must allege facts showing that: "(1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is entitled to actual or statutory damages." *Seeney v. Nationstar Mortg., LLC*, No. 1:13cv347-TWT-ECS, 2013 U.S. Dist. LEXIS 174113, at *13 (N.D. Ga. Nov. 21, 2013), *adopted by* 2013 U.S. Dist. LEXIS 173679 (N.D. Ga. Dec. 10, 2013).

First, as to whether Plaintiff has sufficiently alleged that he sent a valid QWR to Defendant, the undersigned finds that he has done so.  The statute defines a QWR as "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that – (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer

11

regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(i) & (ii). "Thus, a valid QWR relates to loan servicing." *Esteves v. Suntrust Banks, Inc.*, No. 6:13-cv-1881-Orl-28TBS, 2014 U.S. Dist. LEXIS 66885, at *17 (M.D. Fla. Apr. 25, 2014), *adopted by* 2014 U.S. Dist. LEXIS 66883 (M.D. Fla. May 15, 2014). "Servicing is defined as 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.' " *Liggion v. Branch Banking & Trust*, No. 1:11-cv-01133-WSD, 2011 U.S. Dist. LEXIS 95325, at *9 (N.D. Ga. Aug. 24, 2011).

Here, Plaintiff entitled the document "R.E.S.P.A. Qualified Written Request," identified the name and account of the borrower, stated that he and Mrs. Hopkins were "disputing the accuracy of the current loan balance of [the] mortgage loan account," and asserted that "there are discrepancies as to how [the] mortgage loan account has been serviced and how credits for money that [they] have paid have been applied to [the] mortgage loan account." (Doc. 14-4). Plaintiff also requested information concerning, among other things the names, addresses, and telephone numbers for all servicers of the account, dates payments were applied and how they were applied, charges and fees made against the

account, and a statement of the loan pay-off amount. (*See id.*). Thus, for purposes of pleading his RESPA claim, the undersigned finds that Plaintiff's correspondence plausibly satisfies the requirements of the statute, i.e., it identified the borrower's name and account number, it arguably explained why he believed the account was in error, and it requested information about the servicing of the loan. *See* 12 U.S.C. § 2605(e)(1)(B)(i) & (ii).

Defendant contends, however, that the purported QWR is not a valid QWR because it "relates to the identity of the secured creditor, the existence of the debt and Wells Fargo['s] right to foreclose," and therefore "[t]he scope of the letter is beyond the plain language of RESPA[.]" (Doc. 14-1 at 6). To the extent that Plaintiff's letter also requested information that went beyond the servicing of the loan such as information about the validity of the loan, Defendant might not have been required to respond to those requests under RESPA. *See, e.g.*, *Dynott v. Nationstar Mortg., LLC*, No. 1:13-CV-1474-WSD-JSA, 2013 U.S. Dist. LEXIS 186089, at *38 (N.D. Ga. Dec. 18, 2013) ("RESPA does not require servicers to answer inquiries on other topics."), *adopted by* 2014 U.S. Dist. LEXIS 34058 (N.D. Ga. Mar. 17, 2014); *Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1170 (M.D. Fla. 2013) ("The Eleventh Circuit has not addressed the issue of whether RESPA requires a loan servicer to provide information concerning loan

validity, but courts that have addressed the issue almost unanimously hold that RESPA does not require a loan servicer to do so."). Defendant has not shown, however, that Plaintiff failed to plausibly allege that he sent Defendant a valid qualified written request where he requested information concerning the servicing of his loan in his June 2014 correspondence. *See, e.g.*, *Deane v. Nationstar Mortg., LLC*, No. 8:13-cv-2604-T-27MAP, 2014 U.S. Dist. LEXIS 28114, at *6 (M.D. Fla. Mar. 5, 2014) ("Among the twenty-six requested items in the May 16 letter are requests for information related to the servicing of the loan. To the extent the letter disputes amounts owed, how payments have been applied and requests information regarding the same, it can plausibly be construed as a QWR."); *Patton v. Ocwen Loan Serv., LLC*, No. 6:11-cv-Orl-19DAB, 2011 U.S. Dist. LEXIS 82789, at *9 (M.D. Fla. July 28, 2011) (finding portion of the plaintiff's letter that asserted that " 'payments have not been properly credited to the balance due' fairly constituted a request that Ocwen provide information regarding the payments applied to Plaintiff's mortgage loan serviced by Ocwen" and was therefore a QWR).

Defendant also contends that even if Plaintiff's letter is construed as a valid QWR, Wells Fargo responded to Plaintiff's QWR "in a good faith attempt to comply with Plaintiff's request," and it attached to its motion to dismiss copies of a

June 16, 2014 letter it purportedly sent to Plaintiff and a June 24, 2014 letter it purportedly sent to Sweta Patel, Plaintiff's then-attorney. (*See* Doc. 14-1 at 6; Docs. 14-5 & 14-6). In his response to Defendant's motion, Plaintiff challenges the authenticity of those documents[5] as "completely unsworn and unauthenticated by affidavit, deposition or otherwise, and also because Wells Fargo's counsel do not have personal knowledge sufficient to establish that the alleged documents were, in fact, generated and provided to Plaintiff by Wells Fargo," and he requests that he be allowed to conduct discovery on the authenticity of the letters. (*See* Doc. 15 at 9-11). A court may consider documents attached to a motion to dismiss without converting the motion to a motion for summary judgment where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged." *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012). Because Plaintiff has challenged the authenticity of Defendant's letters, the undersigned will not consider them in determining whether Defendant responded to Plaintiff's QWR or whether Plaintiff's RESPA claim should be dismissed. The undersigned also declines to convert the motion to dismiss to a motion for summary judgment.

---

[5] Plaintiff refers only to Exhibit D, which is Wells Fargo's letter to Plaintiff purportedly sent on June 16, 2014, but the substance of his objections appears to address both letters, including Defendant's Exhibit E, i.e. the June 24, 2014 letter purportedly sent to Plaintiff's attorney. (*See* Doc. 15 at 9-11).

Plaintiff should be allowed to conduct discovery on the letters Defendant purportedly sent him and/or his representative while the parties conduct discovery on his breach of contract claim and any other claim that survives Defendant's motion to dismiss.

Defendant has not shown that Plaintiff's Amended Complaint fails to state a claim under RESPA on which relief may be granted. It is therefore **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's RESPA claim be **DENIED**.

## Summary

It is **RECOMMENDED** that Defendant's partial motion to dismiss (Doc. 14) be **GRANTED in part and DENIED in part**. It is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's declaratory relief claim (Count One) be **GRANTED**. It is further **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's TILA and RESPA claims (Counts Three and Four) be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED** this 14th day of April, 2015.

                                          /s/ *J. CLAY FULLER*
                                          J. CLAY FULLER
                                          United States Magistrate Judge